UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONITO CAURICE GOMEZ,          :

    Petitioner                :    CIVIL ACTION NO. 3:23-0709

v.                             :       (JUDGE MANNION)

                               :

UNITED STATES OF AMERICA,      :

    Respondent

## MEMORANDUM

**I.   Background**

On February 15, 2023, Petitioner, Ronito Caurice Gomez, an inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, originally filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Eastern District of Michigan. (Doc. 1). Gomez claims that the Federal Bureau of Prisons ("BOP") failed to give him the appropriate sentencing credit on his sentence for time spent in state custody. Id.

On April 26, 2023, Petitioner filed a motion to withdraw his petition, stating that "at this time, he is not prepare[ed] to litigate the issues presented therein." (Doc. 3).

On April 28, 2023, the United States District Court for the Eastern District of Michigan transferred the above captioned action to the United States District Court for the Middle District of Pennsylvania. (Doc. 4).

For the reasons outlined below, the Court will treat Petitioner's motion as to withdraw a motion to voluntarily dismiss pursuant to Federal Rule Civil Procedure Rule 41(a)(2) and will grant the motion.

## II. Discussion

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1),1 an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court. "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." ... In ruling on a motion to dismiss under Rule 41(a)(2), a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense. Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.... [T]he Third Circuit has taken a restrictive approach to granting dismissal without prejudice.

Dodge-Regupol, Inc. v. RB Rubber Prods., Inc., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §2364 n.19 (2d ed. n.d.)) (citations and ellipsis omitted). Generally, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990). See generally Fed. R. Civ. P. 81(a)(4) (applying Federal Rules of Civil Procedure to habeas proceedings).

Having considered these several factors and finding that no significant prejudice to the Respondent would result, the Court will grant Petitioner's motion and dismiss the petition without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

## III. <u>Conclusion</u>

In accordance with the foregoing, Petitioner's motion to voluntarily dismiss the above captioned petition for a writ of habeas corpus will be granted and the petition, filed pursuant to 28 U.S.C. §2241 (Doc. 1) will be dismissed without prejudice.

A separate Order will be issued.

/s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 1, 2023**
23-0709-01